OTTO W. P. WESTERVELT and CARL F. BRAUN, Composing the Firm of W. H. WESTERVELT & COMPANY, Respondents, *v.* FRANCESCO MARINO and GIUSEPPE MARINO, Composing the Firm of F. MARINO & COMPANY, Defendants.

GIOVANNI DOMINICI, Third Party, Appellant.

*Attachment — insufficient certificate of a third party as to property of the attachment debtor — right of the creditor to an order of examination — a subpœna duces tecum is improper.*

Section 650 of the Code of Civil Procedure, requiring a third person, indebted to or holding property of an attachment debtor, to furnish the sheriff with a certificate under his hand specifying the amount, nature and description of the property or debt, is not complied with where such third party gives a certificate in the form: "We beg to state that we have no funds for account of" the defendants; and the attaching creditor, upon an affidavit tending to show that such third person is in possession of certain property of the attachment debtor, becomes entitled, under section 651 of the Code of Civil Procedure, to an order for his examination.

A subpœna *duces tecum* is not properly issued in such a proceeding. Where the production of books and papers is deemed necessary, it should be directed by the justice before whom the examination is had.

APPEAL by Giovanni Dominici, the third party herein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of August, 1897, denying his motion to vacate an order directing him to appear and be examined under oath concern-

ing the property of the defendants and any debt or demand owing from him or his said firm to said defendants sought to be affected by the attachment herein, and also to vacate the subpœna *duces tecum* served upon said Giovanni Dominici.

*Wm. Klingenstein,* for the appellant.

*Alfred E. Hinrichs,* for the respondents.

INGRAHAM, J.:

An attachment having been issued in this action, it was served upon the appellant, who gave to the sheriff a certificate in which he stated : " We beg to state that we have no funds for account of " the defendants.   Upon an affidavit which tended to show that the appellant was in possession of certain property which had belonged to the defendants, consisting of packages of lemons which were to be sold by auctioneers, an order was issued requiring him to appear before one of the justices of this court and submit to an examination, under oath, concerning the property of the defendants and any debt or demand owing from him or his said firm to said defendants, sought to be affected by the attachment herein.   Upon such order being served, a subpœna *duces tecum* was also served upon the appellant, requiring him to produce at the time and place of the examination all of the books of account for two years last past, especially books of original entry, also all contracts with and letters and accounts from the defendants, or either of them, which the appellant had in his custody.   The witness moved to vacate the order and this subpœna.

We think the court below correctly refused to vacate this order for the examination of the appellant.   By section 650 of the Code it is provided that upon application of a sheriff, holding a warrant of attachment, a debtor of the defendant, or a person holding property belonging to the defendant, must furnish to the sheriff a certificate under his hand, specifying the amount, nature and description of the property held for the benefit of the defendant, or of the defendant's interest in property so held, or of the debt or demand owing to the defendant as the case requires.   By section 651 of the Code it is provided that if a person to whom application is made as prescribed in the last section refuses to give such a certificate, or if

it is made to appear by affidavit, to the satisfaction of the court, or of a judge thereof, that there is reason to suspect that a certificate given by him is untrue, or that it fails fully to set forth the facts required to be shown thereby, the court or judge may make an order directing him to attend at a specified time, and at a place within the county to which the warrant is issued, and submit to an examination under oath concerning the same. The appellant was thus required to give a certificate specifying the amount, nature and description of the property held for the benefit of the defendants, or of the defendants' interest in property so held, or of the debt or demand owing to the defendants, as the case required. In answer to a demand for such a certificate he simply gave a certificate that he had no funds for account of the defendants. This certificate fails to set forth the facts required to be shown by the section of the Code cited, and the plaintiff was entitled to an order for his examination under section 651, before cited.

The order also denied the motion to vacate the supbœna as unauthorized. By section 852 of the Code it is provided that a subpœna issued out of the court to compel the attendance of a witness and, where the subpœna so requires, to compel him to bring with him a book or paper, must be served as required by that section. By section 854 provision is made for the issuance of subpœnas in certain cases therein specified, but that section does not apply to a matter arising or act to be done in an action in a court of record. This subpœna was served upon a person who had been directed by an order of the court to submit to an examination upon a particular subject, not as a witness in the action. The general provisions of the Code providing for a subpœna do not apply to such an examination. When the justice has the person who is to be examined before him, he can compel him to produce such books and papers as are necessary for the examination, but their production should be as directed by the justice before whom the examination is had, and not be compelled by a writ whose office is to compel the attendance of a witness whose evidence is necessary in an action or proceeding.

I think that the order for the examination of Giovanni Dominici was clearly right, but that the plaintiff was not entitled to issue the subpœna.

The order should, therefore, be modified so as to grant the motion so far as to vacate the subpœna, and as so modified affirmed, without costs.

Van Brunt, P. J., Barrett, Rumsey and O'Brien, JJ., concurred.

Order modified so as to grant the motion so far as to vacate the subpœna, and as modified affirmed, without costs.